Dear Mr. Gegenheimer:
Your opinion request has been forwarded to me for research and reply. You requested an opinion from this office on behalf of the Jefferson Parish School Board. Your specific inquires were as follows:
 1. The legality and constitutionality of allowing special education students to experience separate and lesser consequences for the same offenses committed by students not in the special education curriculum.
 2. Whether the requirement to treat students in the special education curriculum differently than other students violates any rights of special education teachers.
Your opinion request stated that there have been a number of incidents involving altercations between special education students and regular education students at public schools in Jefferson Parish. It further stated that the punishment these children receive is often related to their classification as either a regular education or special education student. It is the opinion of this office that it is appropriate for special education students to receive a lesser punishment for the same offense when the disciplinary infraction is the result of the child's disability and when carried out in accordance with all applicable laws and procedures. Moreover, it is the opinion of this office that the requirement to treat special education students differently is not in itself a violation of the rights of special education teachers.
It is important to note that Jefferson Parish School System is under a Corrective Action Plan ("CAP") as of April 3, 2006 to address the denial of free appropriate public education ("FAPE") to students identified with emotional disturbances. This opinion will specifically address certain procedures for disciplining special education students, but should not be viewed as providing guidance for areas of special education discipline other than those issues specifically addressed here.
The Individuals with Disabilities Act ("IDEA") is the federal law created in 1975 to assist states and local communities in providing educational opportunities to students with varying degrees of disability who participate in special education. 20 U.S.C. § 1412(a) (2006) provides that in exchange for federal funding, IDEA requires states to provide a FAPE. A FAPE is available to all children with disabilities residing in the state between the ages of three (3) and twenty-one (21), including children with disabilities who have been suspended or expelled from school. 20 U.S.C. § 1412(a)(1)(2006).
Specifically, a FAPE extends to special education and related services that are available to all children that are provided at public expense, that meet the standards of the state education agency, and that are provided in conformity with an Individualized Education Program ("IEP") established for each child 20 U.S.C. § 1412(a)(4)(2006). In addition,20 U.S.C. § 1414(d)(1)(A) (2006) provides that an IEP is a written statement for each child with a disability that includes such things as a statement of the child's present levels of academic achievement and functional performance, a statement of measurable annual goals and a statement of the special education and related services to be provided to the child. Any state or local education agency that receives assistance under the IDEA must establish and maintain procedures to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free appropriate public education. 20 U.S.C. § 1415(a) (2006).
Your first inquiry concerns the legality of allowing special education students to experience separate and lesser consequences for disciplinary infractions. When discussing the discipline of children with disabilities, there are several important issues which must be addressed. First, it must be determined how long the child will be removed from his or her current placement. A change in placement is considered to have occurred if the child is removed from his current educational placement for either more than ten (10) consecutive days or if the child has been subjected to a series of removals that constitute a pattern. 34 C.F.R. § 300.536(a) (2006).
If the child will be removed from his current placement for less than ten (10) days then the procedures discussed below regarding manifestation determinations are not necessary. 34 C.F.R. § 300.530(b) (2006) states in pertinent part "[s]chool personnel under this section may remove a child with a disability who violates a code of student conduct from his or her current placement to an appropriate interim alternative educational setting, another setting, or suspension, for not more than ten (10) consecutive school days (to the extent those alternatives are applied to children without disabilities)." However, if the disciplinary change in placement exceeds ten (10) days, it must be determined whether the behavior that gave rise to the violation of the school code was a manifestation of the child's disability.
In order to determine whether the disciplinary infraction was a direct result of the child's disability, the student's file including the child's IEP, any teacher observations, and any relevant information provided by the parents must be reviewed to determine if the conduct in question was caused by, or had a direct and substantial relationship to the child's disability. 34 C.F.R. § 300.530(e)(1) (2006). Furthermore,20 U.S.C. § 1415(k)(1)(F) (2006) provides in pertinent part that if a determination is made that the conduct was a manifestation of the child's disability, the IEP Team must conduct a functional behavior assessment, implement a behavior intervention plan for the child and except under special circumstances must return the child to his original placement. The special circumstances occur when school personnel may remove a student to an interim alternative educational setting for not more than forty-five (45) days without regard to whether the behavior is determined to be a manifestation of the child's disability, in cases where the child carried or possessed a weapon or drugs, or has inflicted serious bodily injury on another while on school premises or at a school function. 20 U.S.C. § 1415(k)(1)(G) (2006).
However, if the behavior that gave rise to the violation of the school code is determined to not be a manifestation of the child's disability, school personnel may apply the relevant disciplinary procedures to a child with disabilities in the same manner and for the same duration as the procedure would be applied to a child without disabilities.34 C.F.R. § 300.530(c) (2006). Nevertheless, 34 C.F.R. § 300.530(d) (2006) provides that the child must continue to receive education services, so as to ensure that the child will continue to participate in the general education curriculum, although in another setting. Thus, it is the opinion of this office that it is appropriate for special education students to receive a lesser punishment for the same offense in accordance with applicable laws and regulations.
Your second inquiry asked whether the requirement to treat students in the special education curriculum differently than other students violates any rights of special education teachers. There is no statutory authority or relevant case law which provides that it is a violation of a special education teachers rights to treat special education students differently than regular education students. Thus, it is reasonable to interpret that it is not a per se violation of a teacher's rights to treat special education students differently.
Jefferson Parish School System must continue to follow the CAP and all applicable federal and state laws including the IDEA. Thus, all applicable laws remain in effect and must be followed and this opinion should serve merely as guidance for the areas of special education law specifically addressed herein.
We hope this sufficiently answers your inquiry; if we can be of further assistance, please do not hesitate to contact us.
With best regards,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ________________________ Cherie A. Lato Assistant Attorney General
CCF, Jr.:CL